UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SCHUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:21-cv-00338-GCS |
| OWNERS INSURANCE COMPANY, | ) |
| and DIANE WILSON, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

#### INTRODUCTION AND BACKGROUND

Plaintiff Michael Schuster first brought suit against Defendant Owners Insurance Company[1] ("Owners") in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, on March 10, 2021. (Doc. 1, Exh. 1). This suit stems from a motor vehicle accident occurring on October 4, 2019, at which time Plaintiff was insured by Defendant Owners. *Id.* In his complaint, Plaintiff accuses Defendant Owners of one count of vexatious denial of an insurance claim, pursuant to 215 ILCS § 5/155. *Id.* Defendant Owners properly removed the matter to this Court on March 29, 2021. (Doc. 1). On April 12, 2021, pursuant to the Court's order granting leave to amend under Federal Rule of Civil Procedure 15(a), Plaintiff filed an amended complaint. (Doc. 17). In his amended

---

[1]   Defendant Owners Insurance Company is incorrectly named as "Auto-Owners Insurance Company." The Clerk of the Court is directed to update Defendant Owners's name on the docket accordingly.

complaint, Plaintiff added a count against Defendant Diane Wilson, an employee of Defendant Owners, and against Defendant Owners for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (Doc. 17, p. 2). Now before the Court is Defendants' motion to dismiss Defendant Wilson for fraudulent joinder. (Doc. 24). For the purposes delineated below, Defendants' motion is **GRANTED.**

## ANALYSIS

Federal diversity jurisdiction is narrowly interpreted. Courts require *complete* diversity of citizenship in order to invoke it. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)(emphasis in original) (internal citations omitted). The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should resolve all doubts in favor of the plaintiff's choice of forum in state court. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Defendant Owners properly removed this case from the Circuit Court for the Third Judicial Circuit for Madison County, Illinois, on March 29, 2021. (Doc. 1). As Plaintiff is a resident of Illinois and the parent corporation of Defendant Owners maintains its principal place of business in Michigan, complete diversity between the parties existed at the time of removal. (Doc. 1, p. 2).

Shortly after removal, on April 6, 2021, Defendant Owners filed a motion to dismiss. (Doc. 13). Plaintiff filed a motion to amend his complaint stating that he sought to "add additional [d]efendants and to make [the complaint] more specific." (Doc. 15, p. 1). Plaintiff also stated that no "undue prejudice or harm will result if the motion is

granted." *Id*. However, he did not specify the defendants he sought to add or their jurisdiction. *Id*. Though his motion to amend stated that an amended complaint would be attached as "Exhibit A," Plaintiff did not attach the proposed complaint or otherwise serve a copy of the complaint to Defendant Owners. (Doc. 24, p. 2). The Court granted Plaintiff's motion as a matter of course. (Doc. 16); *see also* FED. R. CIV. PROC. 15(a)(1)(B).

On April 17, 2021, Plaintiff filed an amended complaint, adding a second count against Defendant Wilson for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/10a ("Consumer Fraud Act"). (Doc. 17, p. 3). In his complaint, Plaintiff states that Defendant Wilson is an agent of Defendant Owners and that she is a resident of the State of Illinois. *Id*. at p. 2. As both Plaintiff and Defendant Wilson are residents of Illinois, the addition of Defendant Wilson by Plaintiff would purportedly destroy this Court's diversity jurisdiction.

Typically, a party may move to amend a complaint with the opposing party's written consent or the court's leave; the court should give leave freely when justice so requires. *See* FED. R. CIV. PROC. 15(a). However, a different standard applies when the joinder of a nondiverse party would destroy subject matter jurisdiction. *See Schur*, 577 F.3d at 759 n.3. According to 28 U.S.C. § 1447(e), when a party moves to join a nondiverse party, the district court may either deny joinder, or permit joinder and remand the action to state court. *Id*. (internal citations omitted). "These are the only options; the district court may not permit joinder of a nondiverse party *and* retain jurisdiction." *Id*. at 758 (internal citations omitted). A district court has discretion to permit or deny post-removal joinder

of a nondiverse party, and the court should balance the equities to make that determination. *Id.* (internal citations omitted).

A plaintiff may choose its own forum, but it may not join a nondiverse defendant solely to destroy diversity jurisdiction. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). Under the "fraudulent joinder doctrine," federal courts may therefore disregard, "for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur*, 577 F.3d at 763 (internal quotations omitted).[2] The fraudulent joinder doctrine applies to cases in which a claim against an in-state defendant "simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). "In other words, the right of removal cannot be defeated by a fraudulent joinder of a defendant having no real connection to the controversy." *Dagon v. BNSF Railway Company*, No. 19-cv-00417-JPG, 2020 WL 4192348, at *3 (S.D. Ill. July 21, 2020) (internal quotations and quotation marks omitted). The doctrine is intended to strike a "reasonable balance" among the policies that would

---

[2] To the extent necessary, this Court also retains jurisdiction under Federal Rule of Civil Procedure 59(e). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. West.*, 791 F.3d 801, 807 (7th Cir. 2015)); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-512 (7th Cir. 2007). Movants must file a Rule 59(e) motion within twenty-eight days of the order. Defendants filed their present motion within the twenty-eight-day deadline mandated by Rule 59(e). They also point out that Plaintiff's motion to amend did not indicate that the amended complaint would destroy diversity jurisdiction, establishing a manifest error of law. A motion made under Rule 59(e) suspends an order's finality and operation until the motion is resolved. *See Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020) (internal citations omitted). Accordingly, the order permitting Plaintiff to amend his complaint does not take effect to destroy diversity jurisdiction until the Court rules on Plaintiff's objection to the joinder of Defendant Wilson.

permit plaintiffs the "tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (internal quotations and quotation marks omitted).

To establish fraudulent joinder, the defendant must show that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff still cannot establish a cause of action against the diversity-destroying defendant. *See Poulos*, 959 F.2d at 73. The moving defendant must prove that the claim is "utterly groundless." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). Because a groundless claim does not invoke federal jurisdiction, the district judge must remove that defendant prior to ruling on a motion to remand. *Id*. Accordingly, here, though Defendants request both that Defendant Wilson be dismissed for fraudulent joinder and that Count II be dismissed for failure to state a claim, the Court must first rule on, and if proper, dismiss Defendant Wilson prior to evaluating the request that Count II be dismissed for failure to state a claim.

The fraudulent joinder doctrine is not *directly* applicable after a case has been removed, though it may remain relevant to a court's analysis when considering the propriety of joinder under § 1447(e). *See Schurr,* 577 F.3d at 763 (emphasis in original) (internal citations omitted). Instead, in the post-removal context, federal courts consider: (i) the plaintiff's motive for seeking joinder, and whether that motive is to defeat federal jurisdiction; (ii) the timeliness of the request to amend; (iii) whether the plaintiff will be significantly injured if joinder is not allowed; and (iv) any other relevant equitable

considerations. *Id.* at 759 (internal citations omitted). The fraudulent joinder doctrine is "yet another element of the district court's flexible, broad discretionary approach to resolving a post removal question of whether a nondiverse defendant should be joined under § 1447(e)." *Id.* (internal citations omitted). Federal courts typically apply the fraudulent joinder standard as a "tool" to evaluate a plaintiff's motive for joinder. *See Ali v. Volkswagen Group of America, Inc.*, No. 19-cv-06148, 2020 WL 5250669, at *3 n.2 (N.D. Ill. Sept. 3, 2020) (internal citations omitted).

The balance of the equities strongly favor finding that Plaintiff fraudulently joined Defendant Wilson. Initially, Plaintiff's sole count against Defendant Wilson is "utterly groundless," even under the lenient standard for evaluating the likelihood of a claim's success for the purposes of fraudulent joinder. *See Rutherford v. Merck & Co.*, 428 F. Supp.2d 842, 847 (S.D. Ill. 2006)(finding that a Rule 12(b)(6) motion is more "searching" than that applied when a party makes a claim of fraudulent joinder). This strongly suggests that Plaintiff's motive in adding her was to defeat diversity jurisdiction.

When evaluating a claim for the purposes of a fraudulent joinder analysis, a district court must rely on state law in order to determine whether the plaintiff has any reasonable possibility of success. *See Schur*, 577 F.3d at 764. Under Illinois law, an agent who breaches a duty owed only to her principal is not independently liable to an injured third party. *See Bovan v. Am. Family Life Ins. Co.*, 897 N.E. 2d 288, 295 (Ill. Ct. App. 2008). An insurance agent working for the insurer has no duty of care toward a customer as long as there is no agency relationship between the agent and the customer. *Id.* at 293.

When a tort is alleged directly against a principal for its own misconduct, a court may not impute the duty the principal owed to a third party on the agent acting pursuant to her duties owed to the principal. *See Schur*, 577 F.3d at 766 (citing *Bovan*, 897 N.E. 2d at 295)). While the acts of an agent may be considered the acts of the principal, "acts of the principal are never imputed to the agent." *Stein v. Rio Parismina Lodge*, 695 N.E.2d 518, 522 (Ill. Ct. App. 1998) (internal citations omitted). An agent is liable in tort to a third party harmed by the agent's conduct only when the agent breaches an independent duty that she owes to the third party. *Id.* (internal citations omitted).

This principle applies with equal force when a plaintiff alleges that an agent of a principal violated the Consumer Fraud Act. For instance, in *Horist v. Sudler and Company*, the plaintiff alleged that defendants "Sudler and Homewise can be liable for violating the Consumer Fraud Act because they acted on behalf of the condominium associations to breach the associations' duties . . ." 941 F.3d 274, 281 (7th Cir. 2019). However, the Seventh Circuit held that the plaintiff's argument "distorts basic agency law." *Id.* (internal citations omitted). Equally, here, Plaintiff alleges that Defendant Owners "through Defendant Diane Wilson, made a false, misleading or deceptive statement . . ." (Doc. 17, p. 3). However, as an insurance agent, Defendant Wilson owed no duty to Plaintiff, and instead owed a duty only to her principal, Defendant Owners. Plaintiff's argument that Defendant Wilson is individually liable for statements she made on behalf of her principal "distorts basic agency law." As Plaintiff has no chance of success against Defendant Wilson, this factor weighs heavily in favor of finding her joinder fraudulent.

The timeliness of Plaintiff's amended complaint further supports finding that his joinder of Defendant Wilson was fraudulent. When a plaintiff moves to join a nondiverse defendant immediately after removal, "but without additional discovery providing a legitimate reason for doing so," the motion suggests that the joinder's only purpose is to destroy diversity jurisdiction. *Schur*, 577 F.3d at 767 (internal citations omitted). Plaintiff moved to amend his complaint to add Defendant Wilson a mere nine days after removal and prior to the entry of a scheduling order permitting discovery. (Doc. 15). Plaintiff's counsel directly communicated with Defendant Wilson while negotiating the settlement at issue in this case; Plaintiff therefore knew of Defendant Wilson's involvement prior to filing his complaint. (Doc. 24, Exh. F, Exh. G).[3] As Plaintiff was aware of Defendant Wilson's involvement in this case prior to filing his initial complaint, there is no reasonable explanation for his addition of Defendant Wilson other than the desire to defeat diversity jurisdiction.

The consideration of whether Plaintiff will suffer injury if the Court dismisses Defendant Wilson also weighs in Defendants' favor. Plaintiff alleges that both Defendant Owners and Defendant Wilson engaged in consumer fraud in Count II of his complaint.

---

[3] When examining a claim of fraudulent joinder, a court is "narrowly confined to the pleadings . . . save in a small class of cases where a plaintiff's inability to establish a cause of action against a diversity-defeating party in state court can be proven incontrovertibly through summary evidence." *Dogan*, 2020 WL 4192348, at *4 (citing *Aaron v. SmithKline Beecham Corp.*, No. 09-cv-1071-JPG, 2010 WL 1752546, at *3 (S.D. Ill. Apr. 28, 2010)). Defendants provide summary evidence that Defendant Wilson was an agent of Defendant Owners and that Plaintiff's counsel was aware of this prior to Plaintiff filing his complaint. The evidence consists of a copy of Plaintiff's request to settle and a copy of Defendant Owners's letter to Plaintiff's counsel authorizing the settlement, which was written by Defendant Wilson. Although the aforementioned evidence involves settlement discussions, Rule 408 of the Federal Rules of Evidence is not implicated as such evidence is not being used "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" FED. R. EVID. 408(a).

(Doc. 17, p. 3). Dismissing Defendant Wilson does not defeat the count as it may still proceed against Defendant Owners assuming that the necessary pleading requirements have been satisfied. Accordingly, Plaintiff will suffer no significant injury if Defendant Wilson is dismissed. Plaintiff's motive for adding Defendant Wilson is clearly motivated by the desire to destroy diversity jurisdiction, as is evidenced by the negligible likelihood of success against her and the time period in which she was added to the case. Because Plaintiff suffers no injury through her dismissal, the Court finds that Plaintiff fraudulently joined Defendant Wilson.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Defendants' motion to dismiss Defendant Wilson for fraudulent joinder. (Doc. 24). Defendant Wilson is therefore **DISMISSED** from Count II of Plaintiff's complaint. The Clerk of the Court is **DIRECTED** to dismiss Defendant Wilson from this case. Now that the Court has dismissed Defendant Wilson from Count II, the Court may proceed to take up the merits of Defendants' motion to dismiss against Owners, the remaining Defendant. The Court, however, will do so in a separate Memorandum and Order to be issued at a later date.

**IT IS SO ORDERED.**

**DATED:  July 23, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.07.23
11:06:01 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**