UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SCHUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:21-cv-00338-GCS |
| OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Michael Schuster brought suit against Defendant Owners Insurance Company ("Owners") in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, on March 10, 2021. (Doc. 1, Exh. 1). This suit stems from a motor vehicle accident occurring on October 4, 2019, at which time Plaintiff was insured by Defendant Owners. *Id.* In his complaint, Plaintiff accuses Defendant Owners of one count of vexatious denial of an insurance claim, pursuant to 215 ILL. COMP. STAT. § 5/155. *Id.* Defendant Owners properly removed the matter to this Court on March 29, 2021. (Doc. 1).

On April 12, 2021, pursuant to the Court's order granting leave to amend under Federal Rule of Civil Procedure 15(a), Plaintiff filed an amended complaint. (Doc. 17). Plaintiff neither submitted a proposed amended complaint to the Court nor to Defendant's counsel. (Doc. 31, p. 6). The Court further did not give Defendant an

opportunity to respond to Plaintiff's motion to amend, as it granted the motion as a matter of course the following day. (Doc. 16).

In his amended complaint, Plaintiff added a count against Diane Wilson, an employee of Defendant Owners, and against Defendant Owners for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (Doc. 17, p. 2). The addition of Ms. Wilson destroyed the Court's diversity jurisdiction. *See* (Doc. 28, p. 3). However, on July 23, 2021, the Court found that Plaintiff's addition of Ms. Wilson was invalid due to fraudulent joinder. *Id.* Specifically, the Court noted that Plaintiff's sole count against Ms. Wilson was "utterly groundless" because an insurance agent working for the insurer has no duty of care toward a customer as long as there is no agency relationship between the agent and the customer. *Id.* at p. 6 (citing *Bovan v. Am. Family Life Ins. Co.*, 897 N.E. 2d 288, 293 (Ill. Ct. App. 2008)). The Court therefore dismissed Ms. Wilson from the case and determined it would address the merits of Defendant's remaining arguments on its motion to dismiss at a later date. (Doc. 28, p. 9). The remainder of Defendant's motion to dismiss both Count I and Count II are now before the Court. For the reasons delineated below, the motion to dismiss is **DENIED.**

In its motion to dismiss, Defendant directly attacks the factual propositions Plaintiff uses to support each count. Defendant asserts that Count I of Plaintiff's first amended complaint depends on statements Ms. Wilson made to Plaintiff's counsel, which states, in relevant part: "I do not believe you have requested authorization of the acceptance of the tort's tender of limits" in response to Plaintiff's demand for arbitration. (Doc. 24, p. 13). In order to contextualize these statements, Defendant attaches to its

motion: (i) Plaintiff's insurance policy with Defendant, (Doc. 24, Exh. A); (ii) a January 28, 2021 letter from Plaintiff's counsel to Defendant demanding arbitration, (Doc. 24, Exh. B); (iii) a February 12, 2021 letter from Ms. Wilson to Plaintiff's counsel denying arbitration, (Doc. 24, Exh. C); (iv) a July 17, 2020 letter demanding arbitration from Michael Cook, a passenger in Plaintiff's car at the time of the collision, (Doc. 24, Exh. D); (v) Defendant's policy declarations, (Doc. 24, Exh. E); (vi) a July 15, 2020 request to settle with the allegedly at-fault driver's insurer, (Doc. 24, Exh. F); and (vii) an August 12, 2020 letter authorizing the settlement from Ms. Wilson. (Doc. 24, Exh. G). Defendant argues that Exhibits B, C, D, F, and G are especially important to rebutting Count I of Plaintiff's complaint. According to Defendant, they demonstrate that Plaintiff's counsel was aware that Ms. Wilson did not vexatiously deny Plaintiff's claim, but rather, made an error that Plaintiff's counsel chose not to correct prior to filing suit. (Doc. 24, p. 13 & 19).

Similarly, Defendant relies on its attached factual filings to demonstrate that it did not deceive Plaintiff, but merely made an error when rejecting his initial claim. Only the former is actionable under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFDPA"), the basis for Count II of Plaintiff's complaint. *See* (Doc. 17). For example, Defendant relies on Exhibits F and G to demonstrate that Ms. Wilson had previously approved Plaintiff's requests, undermining Plaintiff's claim for deceptive practices. (Doc. 24, p. 7). This claim is central to Defendant's analysis of each factor of the ICFDPA, and throughout its motion to dismiss, Defendant refers to Exhibits F and G. *See id*. at p. 7, 12, 15. Defendant argues that these attached documents demonstrate that Plaintiff's

complaint is insufficient to survive its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

In order to survive a motion under Rule 12(b)(6), a complaint must provide a "short and plaint statement of the claim" showing that the plaintiff is entitled to relief. *See* FED. R. CIV. PROC. 8(a)(2). The complaint must provide the defendant fair notice of the claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). It must also include factual matter sufficient to state a facially plausible claim to relief which would allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). This standard mandates more than "a sheer possibility" that a defendant acted unlawfully; "[t]hreadbare recitals of the elements of a cause of action" and mere conclusory statements are insufficient. *Id.* at 678.

When evaluating complaints pursuant to Rule 12(b)(6), courts accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft*, 556 U.S. at 678. Courts are to grant Rule 12(b)(6) motions only if it appears beyond a doubt that the plaintiff cannot prove any facts that would support their claim for relief. *See, e.g.*, *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)(comparing the standards under Rule 12(c) and Rule 12(b)) (internal citations omitted). "District Courts should not allow motions [to dismiss] to deprive the non-moving party of the opportunity to make its case." *Federated Mutual Insurance Company v. Coyle Mechanical Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020)

(examining the equivalent standard under Rule 12(c))(citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). "Hasty or imprudent" decisions in favor of a motion to dismiss "violate[] the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *Id*. (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368 (3d ed. 2002)). *See also Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp.3d 402, 413 (N.D. Ill. 2021)(citing *Fed. Mut. Ins. Co.*, 938 F.3d at 313). Accordingly, if a court chooses to consider materials outside of the pleadings, that court must treat the motion to dismiss as one for summary judgment under the standards outlined in Federal Rule of Civil Procedure 56. *See* FED. R. CIV. PROC. 12(d). *See also Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002). This conversion ensures each party a realistic opportunity to pursue discovery relating to its theory of the case. *See Manuel Acosta v. KC Farms, LLC*, Case No. 20-2166, 2021 WL 3125525, at *5 (C.D. Ill. Apr. 20, 2021). When a party expressly references materials outside the pleadings, and when a court relies on those materials to grant a motion to dismiss, that court has abused its discretion. *Fed. Mut. Ins. Co.*, 938 F.3d at 315-316.

  The Court may consider as part of the pleadings documents attached to a defendant's motion to dismiss when those documents are both referred to in the plaintiff's complaint and central to the plaintiff's claim. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (internal citations omitted). Plaintiff references his insurance contract in his complaint, matching Defendant's Exhibit A and Exhibit E. *See* (Doc. 17, ¶ 2). Plaintiff also references Ms. Wilson's February 12, 2021 letter, which is

central to his claims in Count II. *Id*. at ¶ 13. This statement incorporates Defendant's Exhibit C into the pleadings. Finally, Plaintiff directly references an August 12, 2020 letter in which Ms. Wilson previously accepted Plaintiff's request to accept a settlement with State Farm Insurance Company. *Id*. at ¶ 15. This statement incorporates Defendant's Exhibit G into the pleadings.

Although Plaintiff states that he "has taken all steps necessary" to invoke the underinsured motorist portion of the policy at issue in this case, he does not describe how, or otherwise reference the demands his counsel made. *Id*. at ¶ 4. Exhibit B is therefore not included in the pleadings. Equally, Plaintiff counsel's July 15, 2020 request to settle with Mr. Cook's insurer is not incorporated into the pleadings, (Doc. 24, Exh. F), nor is Mr. Cook's July 17, 2020 demand for arbitration, attached as Exhibit D. Defendant relies on Exhibit B and Exhibit F to demonstrate that Plaintiff could not have been deceived under the ICFDPA because his counsel was aware of Ms. Wilson's mistake. (Doc. 24, p. 13). Defendant also relies on these exhibits to argue that Ms. Wilson's denial of the claim was not vexatious. *Id*. at p. 7. Lastly, Defendant uses Exhibit D to point out that two claimants laid claim to a single limit policy, justifying Ms. Wilson's demand for further information and undermining Plaintiff's claims. *Id*. at p. 19. These arguments appear to be highly salient; however, the Court cannot find that the arguments are true without turning to the attached exhibits which are not incorporated into the pleadings. Accordingly, the Court must convert this motion to dismiss into one for summary judgment and provide the parties a full and fair opportunity to address the dispute of fact. *See* FED. R. CIV. PROC. 12(d).

Defendant's motion to dismiss (Doc. 24) is therefore **DENIED.** The Court will set a status conference at which the parties may discuss a limited discovery schedule and briefing schedule for motions for summary judgment on these issues by separate notice.

**IT IS SO ORDERED.**

**DATED:  January 3, 2022.**

Digitally signed by
Judge Sison 2
Date: 2022.01.03
12:42:54 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**